IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| STEVEN R. REBEIN, as Chapter 7 Trustee for III, Inc.,<br>Plaintiff,<br><br>v.<br><br>KENNETH KOST, MICHAEL ADKINS, and ROB PETERSON,<br>Defendants. | CIVIL ACTION<br><br>No. 06-204-CM |

## MEMORANDUM AND ORDER

This case involves a bankruptcy matter, *In Re III, Inc.*, Case No. 03-22200-7; an adversarial proceeding, *Rebein v. Kost et al.*, Adv. No. 05-6077; and this civil action. This matter is currently before the court on the Bankruptcy Court's Notice of Transmission of Recommendation to the District Court to Grant the Defendants' Motion to Withdraw the Reference of this Adversary Proceeding (Doc. 1) and Plaintiff's Motion for Entry of Scheduling Order (Doc. 2). In its Recommendation, the bankruptcy court considered two motions—defendants Kenneth Kost, Michael Adkins, and Rob Peterson's Joint Motion For Withdrawal of the Reference and defendants Kost and Adkins's Motion to Withdraw Proofs of Claim.

### I. Factual Background[1]

In May 2003, plaintiff voluntarily filed for bankruptcy. In May 2005, plaintiff filed an adversarial proceeding against defendants. Plaintiff amended his complaint in the adversarial proceeding on June 1, 2005 and mailed a summons and complaint to each defendant on June 2,

---

[1] The bankruptcy court set forth the facts in its Recommendation, and the court will not unnecessarily repeat them here.

2005.  In his Amended Complaint, plaintiff seeks relief on seven counts: Declaration of Personal Liability for Corporate Obligations; Breach of Fiduciary Duties; Intentional Interference with Lending Contract; Claim for Repayment of "Loans"; Turnover 11 U.S.C. § 542; Objection to Proofs of Claim; and Fraudulent Conveyance.  Defendants filed a joint Answer to Amended Complaint and Demand for a Jury Trial on July 18, 2005, eighteen days late.[2]  In their untimely Answer, defendants denied liability on all seven counts and demanded a jury trial "on all issues so triable."  At some point, defendants Kost and Adkins filed proofs of claim seeking vacation, salary, and administrative expenses.  Defendant Peterson has not filed a proof of claim.  Defendants Kost and Adkins also filed a Motion to Withdraw Proofs of Claim.  On August 2, 2006, defendants filed their Joint Motion for Withdrawal of the Reference and Memorandum in Support Thereof with the bankruptcy court.  Pursuant to Federal Rule of Bankruptcy Procedure 50011(a) and D. Kan. Rule 83.8.6(f), the bankruptcy court transmitted defendants' Motion for Withdrawal and the bankruptcy court's recommendation to grant the Motion for Withdrawal and deny the Motion to Withdraw Proofs of Claim to this court.

## II.     Motion for Withdrawal of Reference

Defendants argue the adversarial proceeding should be transferred to the district court because defendants timely filed a demand for a jury trial "on all issues so triable."  Plaintiff does not dispute that a right to a jury trial attaches to plaintiff's legal claims, but argues that defendants' motion should be denied because defendants Kost and Adkins waived their right to a jury trial when

---

[2] Plaintiff has not alleged that the Answer was untimely filed, but the court is unaware of any motion for extension of time or agreement between the parties extending the time for defendants to answer.

they filed the bankruptcy case on behalf of III, Inc. and when they filed their proofs of claim.[3]

"The district court may withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Courts have considered a number a factors when determining whether cause for withdrawal exists, including whether a party requested a jury trial. *In re Hardesty*, 190 B.R. 653, 654-55 (D. Kan. 1995); *Manley Truck Line, Inc. v. Mercantile Bank of Kansas City*, 106 B.R. 696, 697 (D. Kan. 1989). The right to a jury trial is sufficient cause for withdrawal to the district court where (1) the claims concern matters for which there is a right to a jury trial; (2) a party timely demanded a jury trial; and (3) there is no mutual consent to trial before the bankruptcy court. *In re Hardesty*, 190 B.R. at 655. The plaintiff does not dispute that the right to a jury trial attaches to the legal claims filed against defendants, but argues that defendants Kost and Adkins waived the right. And the parties have not consented to trial before the bankruptcy court. The issues before the court are whether defendants' demand for a jury trial was timely and whether defendants Kost and Adkins waived their right to a jury. A demand for a jury must be served upon the other party "not later than 10 days after the service of the last pleading directed to such issue . . . " Fed. R. Civ. Pro. 38(b). A party's failure to serve the demand as required by Federal Rule of Civil Procedure 38 constitutes a waiver of the parties right to trial by jury. Fed. R. Civ. P. 38(d). To obtain a jury trial in the district court on claims that have been filed in bankruptcy court, a party "seeking a jury trial must combine [its] request for a jury trial with a request for transfer to the district court." *In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990). In *Latimer*, the court held that the defendants waived

---

[3] Plaintiff argues that facts relevant to defendants' Motion for Withdrawal of Reference are in dispute and intertwined with the merits of the adversarial proceeding and requests an evidentiary hearing. After review of the parties' briefs and the record before it, the court finds that no evidentiary hearing is needed for the court to determine the merits of defendants' motion.

their right to a jury trial because, at the time, jury trials could not be conducted in the bankruptcy court and the defendants did not file a request to transfer the case to the district court. *Id.* at 137. Accordingly, under Tenth Circuit law, a party waives its right to a jury trial in the district court if it fails to combine its request for a jury trial with a motion to transfer the case to the district court. Courts have not addressed whether the motion to transfer must be filed within the ten-day deadline for jury demands under Fed. R. Civ. P. 38(a) or within the twenty-day deadline for motions to transfer under D. Kan Rule 83.5.6.

Here, the jury demand was timely filed because it was filed with defendants' answer, the last pleading directed at the jury trial issue. Defendants' motion to transfer was also timely filed; it was filed within twenty days of defendants' Answer. *See In re Hardesty*, 190 B.R. 653, 655 (D. Kan. 1995) (holding "a motion to transfer is timely if filed within twenty days of either the movant entering its appearance or the movant having been served."). Unlike the defendants in *Latimer*, defendants in this case timely filed their demand for a jury and their motion for withdrawal. And plaintiff was not prejudiced by defendants filing their motion for withdrawal five days after the time set forth in Fed. Rule Civ. P. 38; plaintiff was aware that defendants were demanding a jury trial when defendants' Answer was filed and became aware that defendants were requesting to transfer the case to the district court within the time provided by D. Kan. Rule 83.8.6(c). Additionally, plaintiff does not take issue with the timing of defendants' jury demand or allege that he was prejudiced by the delay. The court, therefore, finds that defendants' demand for a jury trial in the district court was timely.

The court next considers whether defendants waived their right to a jury trial. Plaintiff does not argue that defendant Peterson waived his right to a jury trial, and the court finds that he has not waived his right because he did not file a claim in the bankruptcy court. Plaintiff does, however,

argue that defendants Kost and Adkins waived their right to have a jury trial in the district court by (1) causing III, Inc. to file the bankruptcy action, and (2) filing proofs of claim on their own behalf.

Plaintiff's first argument is without merit. The filing of a bankruptcy claim does not automatically waive a party's right to a jury trial for all matters that might arise in the case. *In re WSC, Inc.,* 286 B.R. 321, 323-32 (Bankr. M.D. Tenn. 2002). Here, defendants Kost and Adkins were not the parties that filed for bankruptcy; III, Inc. filed the bankruptcy petition. The court finds that defendants Kost and Adkins did not waive their personal right to a jury trial by causing III, Inc. to file its petition for bankruptcy.

Turning to plaintiff's second argument, the court finds defendants Kost and Adkins did waive their right to a jury trial on some of plaintiff's legal claims. A creditor consents to the bankruptcy court's equitable power when he files a claim in the bankruptcy matter. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14 (1989). But the consent does not extend to "counterclaims which do not involve a preference, setoff, voidable lien, or fraudulent transfer, and which are wholly unrelated to the creditor's claim." *Katchen v. Landy*, 336 F.2d 535, 536-67 (10th Cir. 1964), *aff'd on other grounds*, 382 U.S. 323 (1966). Plaintiff has filed seven claims in the adversarial proceeding, some of which are directly related to defendants' Kost and Adkins proofs of claim. Because defendants Kost and Adkins filed claims against the bankruptcy estate, thereby consenting to the jurisdiction of the bankruptcy court, they are not entitled to a jury trial on the claims filed in the bankruptcy court that relate to their proofs of claim. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1991); the court finds defendants Kost and Adkins waived their right to a jury trial on these claims. However, "[w]here the right to demand a jury has been waived, the trial court is vested with a broad degree of discretion in determining whether a jury trial shall nonetheless be granted." *Lynn v. Valdez*, No. 97-3209-JWL, 2000 WL 1817187, at * 2 (D. Kan. Dec. 6, 2000) (citing *Hazelrigg v.*

*Am. Fid. & Cas. Co.*, 241 F.2d 871, 873 (10th Cir. 1957)).

Plaintiff has asserted all seven of its claims against each of the defendants. Plaintiff's claims against defendant Peterson are identical to and arise out of the same facts and allegations as the claims against defendants Kost and Adkins. As mentioned above, defendant Peterson has not filed a claim in the bankruptcy court, and thus, he has not waived his right to a jury trial on any of the legal claims in the adversarial proceeding. Accordingly, he is entitled to a jury trial "on all issues so triable" as he requested in his answer. Separating the claims against defendants Kost and Adkins from those against defendant Peterson would be a waste of judicial resources and the parties' time and money. Because it is in the best interest of the parties and the court to try the claims together, the court will conduct a jury trial in the district court on "all issues so triable." The court will determine which legal claims will be tried to a jury at a later time and defers withdrawing the proceeding until the matter is ready for trial. *In re Hardesty*, 190 B.R. at 656 ("Even if a jury trial may constitute cause for withdrawal, the district court may decline to withdraw the reference until the case is ready for trial.").

**III.    Motion to Withdraw Proofs of Claim**

The bankruptcy court's Recommendation refers to defendants Kost and Adkins's Motion to Withdraw Proofs of Claim and recommends that the court deny the motion. That motion, however, is not in the record before this court, and the court is unaware of the parties' positions on the motion; therefore, the court cannot make a determination on the merits of defendants' motion. If defendants Kost and Adkins wish to have their motion heard, they must file all pleadings that were previously filed with the bankruptcy court relating to their Motion to Withdraw Proofs of Claim, including plaintiff's response to the motion, with this court within ten days of this order. If defendants do not file the pleadings within the time proscribed, their Motion to Withdraw Proofs of Claim will be

-6-

denied without prejudice.

### IV.     Motion for Scheduling Order

The bankruptcy court stayed the proceeding pending this court's ruling on defendants' motion for withdrawal. In its Motion for Entry of Scheduling Order (Doc. 2), plaintiff requests the court enter a scheduling order so that the parties may proceed with discovery. Defendants argue that the parties have conducted extensive discovery and that discovery should not proceed until the forum for the case has been determined. As mentioned above, the court has determined the forum and will conduct the trial of this matter in the district court. But the court has deferred withdrawing the reference until the matter is ready for trial, and all non-dispositive, pre-trial matters will be handled by the bankruptcy court. Plaintiff's motion is therefore denied as moot.

**IT IS THEREFORE ORDERED** that defendants' Joint Motion for Withdrawal of the Reference and Memorandum in Support (Doc. 1) is granted; the proceeding will be withdrawn when it is ready for trial.

**IT IS FURTHER ORDERED** that defendants Kost and Adkins have ten days from the date of this order to file all pleadings that were previously filed in the bankruptcy court relating to their Motion to Withdraw Proofs of Claim. If the pleadings are not filed within ten days of this order, their Motion to Withdraw Proofs of Claim will be denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Entry of Scheduling Order (Doc. 2) is denied as moot.

Dated this 3rd day of November 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-8-